CONKLIN v. CENTRAL NEW YORK TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. MASTER AND SERVANT (§ 121*)—INJURIES—SAFE PLACE TO WORK—GUARDS.

In an action for the death of a servant by contact between telephone wires and a trolley wire over which they were strung, it was error to permit the jury to base their verdict on the absence of a guard or protection between the wires, where there was no evidence that such a guard was feasible.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—PREJUDICIAL EFFECT.

In an action for a servant's death while on a telephone pole, by the contact of the telephone wires with a trolley wire over which they crossed, where there was no evidence to show the feasibility of a guard between the wires to prevent contact, it was reversible error to permit the jury to base their verdict on the absence of such a guard, as it cannot be said to what extent they adopted that theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

3. DEATH (§ 86*)—ACTION—DAMAGES—AMOUNT—REDUCTION.

In a death action by decedent's brother and only next of kin, the jury could consider, on the question of damages, the fact that decedent might have died, married, given his money to another, or spent it on himself, so that plaintiff would never have received anything.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 86.*]

Appeal from Trial Term, Otsego County.

Action by George B. Conklin, as administrator of Arthur J. Conklin, deceased, against the Central New York Telephone & Telegraph Com-

pany.  From a judgment for plaintiff and an order denying a new trial, defendant appealed.  Reversed and new trial ordered.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Miller & Fincke (James F. Hubbell, of counsel), for appellant.
Lynn J. Arnold and James J. Byard, Jr., for respondent.

COCHRANE, J.  The plaintiff's decedent, a lineman employed by the defendant, was killed by a current of electricity while stringing wires from pole to pole in the construction of a telephone line.  The telephone line crossed above the wires of a trolley electric railroad, which wires carried a strong current of electricity.  The deceased was at work at the top of one of the telephone poles of the defendant, and in the performance of his duties had hold of two of the telephone wires which were being strung from the poles, when in some manner one of these wires sagged until it came in contact with or in close proximity to the high-potential trolley wires, so that the current from these latter wires entered the telephone wire which the deceased was holding and thereby caused his death.  The telphone wires where they crossed the trolley wires were insulated, but the insulation was insufficient to prevent the electric current from entering them.  Plaintiff has recovered herein a judgment based on the alleged negligence of the defendant.

One of the grounds of such negligence submitted to the jury was the failure to construct a guard or protection, or "cradle," so called, between the two sets of wires.  There is no evidence of any such precaution at any other time or place or under any circumstances.  There is no evidence that such method is feasible or practicable.  To the ordinary mind unfamiliar with electrical details and the technicalities of the work in which the deceased was engaged it is inexplicable why the construction of such a protection or cradle would not be accompanied with precisely the same dangers as the stringing of an insulated wire above the trolley line.  Plaintiff made no effort at the trial to elucidate this point or to show the practicability of such a scheme.  The court very properly charged the jury that there was no evidence of any better or safer method of stringing telephone wires over high-voltage wires than the method pursued at the time of the accident.  Nevertheless the jury were permitted to base their verdict on the absence of a guard or protection between the two sets of wires.  This theory of the case is entirely without evidence in its support, and, as it is impossible to say that the jury did not adopt such theory, their verdict cannot be sustained.  This is not a case where the practicability of some suggested precaution is so obvious to ordinary understanding that evidence in its support is unnecessary.

The deceased was unmarried and plaintiff was his brother and only next of kin.  It does not appear that he ever derived any pecuniary benefit from the deceased.  The court erroneously declined to charge at defendant's request that the jury had "the right to take into consideration the fact that the decedent might have died, married, or given his money to some one else, or spent it all on himself, so that the plain-

tiff would never receive anything." The jury had the right to take into consideration all those facts as bearing on the question of damages.

Other criticisms are made against the judgment, but, as the causes thereof may not again appear, it is unnecessary to consider them.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; KELLOGG, J., in result.