In the Matter of the Estate of VINCENT PROCOPIO, Also Known as VINCENZO PROCOPIO, Deceased.

Surrogate's Court, Queens County, October 26, 1933.

*Ben Shorr*, for the administrator.

*Frederick W. McGowan*, for the National Surety Corporation.

*Ralph Atkins*, for the contestant, Royal Vice Consul of Italy.

*Edward F. Keenan*, for the Superintendent of Insurance.

HETHERINGTON, S.   The decedent died from injuries sustained as a result of being struck by an automobile.   His administrator commenced the statutory action to recover damages for his death. A settlement was made with the approval of the surrogate.   The proceeds of the settlement amounting to $1,600 are now being accounted for by his legal representative.   Decedent left no general estate, and if certain claims, allowed and paid by the administrator, and now objected to, are disallowed, the result will be that the administrator will be surcharged for paying the charges of those who sought to save the decedent's life.   It appears that the decedent lived for a period of five days after receiving the injuries which eventually caused his death.   During this period he was treated by a physician, and in addition thereto had use for the services of two nurses.   The administrator has paid the doctor $100 and the two nurses $42 and $49, respectively.   Objection has been made to these payments by the Royal Vice Consul of Italy at New York on behalf of the next of kin, all of whom are non-residents and subjects of the Kingdom of Italy.   No question is raised as to their reasonableness, and it is conceded that the treatments and services were given in an effort, if not to save, at least to prolong decedent's life.   The objector claims, however, that they must be disallowed under the provisions of section 133 of the Decedent Estate Law, the material portion of which provides as follows: " The reasonable expenses of the action, or settlement, the reasonable funeral expenses of the decedent, and the commissions of the plaintiff or representative, upon the residue may be fixed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper or upon the judicial settlement of the account of the plaintiff, or representative, and may be deducted from the recovery."   While it is true that the recovery is not subject to the payment of the debts of the deceased and that the damages are exclusively for the benefit of the next of kin (*Stuber*

v. *McEntee*, 142 N. Y. 200), the application here of such rule would be both harsh and unjust.

I do not think that the statute intended to penalize a physician who in emergency gives his services and talents in an effort to save life. If the decedent had survived there is no question that he would be liable for his medical bills. To exclude the physician because the patient dies, forces the conclusion that the statute contemplated either the instantaneous death of the victim, thus making unnecessary the services of a doctor, or intended to visit a penalty upon those who perform acts of mercy. I find myself unable to agree with either conclusion. The statute must receive a liberal and common sense construction, otherwise visiting a penalty upon a physician under the circumstances here presented, would have the effect of removing the incentive to aid the sick and helpless. While the surrogate is aware of the fact that the medical profession as a body is most charitable in the administration of aid, a technical construction of a statute should not be resorted to to defeat the payment of a just obligation, where a fund exists out of which payment can be made. I am of the opinion that a distinction should be made between self-created debts and those incurred for medical expenses in one's last illness. Holding these views, I reach the conclusion that the objections should be and they hereby are, overruled. Submit decree accordingly on notice.