In the Matter of the Estate of AMELIA LUXTON, Deceased.

Surrogate's Court, Monroe County, June 18, 1934.

*J. E. Cuff*, for the administrator.

*S. J. Warren*, for the claimant.

FEELY, S. This estate admits liability to the town for two hundred and eighty dollars for food and medical care furnished to the decedent by the town, but disputes its liability to the town for twenty dollars for four investigations made, in connection with such relief, by the town welfare officer, who was in the employ of the town under an arrangement to pay him five dollars for each such investigation, but not to exceed one thousand two hundred dollars in any year. It is stipulated that limit has never been exceeded.

The estate urges this twenty dollars is an administrative cost to the town of furnishing this relief; and that the " implied contract "

to pay for "any public relief received" (Public Welfare Law, § 128) does not extend beyond the personal food, medical care, etc. The town argues that the investigation is an outlay that would not have been incurred but for this decedent happening to need relief, and that it is incidental to this particular case and, therefore, a part of the "cost of such relief."

Article XV of the Public Welfare Law is designed to save the public harmless in respect of the support, medical care and burial of one who is found to have, or to leave at death, any property or insurance that can be made available thereto. As to insurance, the claim of the public is a "preferred" one (§ 129) "to the amount of the cost of such relief and care" and for a funeral not over $125. The estate of a person so assisted is liable for the "cost of such relief." (§ 128.) In the case of an absentee, a warrant may issue against his property. (§ 127.) Section 131 provides thus as to disposition of such means: "All properties seized and penalties collected shall be administered in accordance with the direction of the court having jurisdiction. After the expenses approved by the court shall have been paid, the balance shall be used for the maintenance of such person, or to reimburse the public welfare fund for expenditures previously made for his care." Before rendering such relief the town was obliged to make the investigation specified in section 78. The law also directs that "The town board shall fix the salary to be paid a town public welfare officer, his assistant or other employees or fix the amount per hour to be paid them when they are performing any duty connected with that office." (§ 24.) The word "cost," by its etymology, appears to come from the same root as does the word "consist;" and carries the answer to the common question: "What does it all come to?" It means the sum total of the outlay. Reading all those statutory provisions together, it seems clear that one and the same thing is meant by the two phrases, "the cost of such relief and care," and "the cost of such relief;" and that either phrase includes whatever is made necessary in the given case, not only in the form of material or shelter, but also personal service, whether for doctors, nurses, attendants or investigators, for no relief can be had till the investigation specified by the statute has been made.

While it is true the investigation was made here by a public officer, it could have been made by "his assistant or other employees." Moreover, investigation is a minor outlay which the town has to make only occasionally, as an individual may happen to fall in need of relief; and in this sense poor relief is not a fixed or constant expense; and the compensation of this work in the claimant town is on a sliding scale; so that it is conceivable there might

be a year in which no outlay whatever would be incurred under this head.

This outlay seems to be classified as an individual one, rather than a general one, although its source in the first place is public money. This investigation of this occasional outlay for individual relief — which the statute in general terms permits the town to recoup from the property of the individual so relieved — is in the class of " expenses approved by the court " in whatever manner the proceeding may have been taken, whether by warrant and seizure, or by action, or by putting in a claim against the estate of the person so relieved.

In this case it seems to me the investigation is quite as much a part of the relief furnished as was the food or medical services rendered, and is a proper item of the " cost of the relief " for which the town should be reimbursed.

Enter the decree in accord with this decision.