CLARENCE HENRY LOEB and Another, as Executors, etc., of ROSE L. LOEB, Deceased, Respondents, v. SHELDON FOSTER SUPPLY COMPANY, Appellant.— Action on behalf of the only son and sole beneficiary of the testatrix, to recover damages for his pecuniary injury by reason of her death, caused by the defendant's negligence. Plaintiffs recovered a verdict for $4,243.25. From a judgment entered thereon, an appeal came to this court on a bill of exceptions, which, by stipulation, presents only the question of the right of the plaintiffs to recover the items of reasonable and necessary expenses for medical treatment, hospital and nursing services and care of the testatrix for a period of two and a half months following her injuries, and until her death. The court charged the jury that plaintiffs could recover such items, as well as funeral expenses. Defendant's exceptions overruled and judgment for plaintiffs affirmed, with costs. In our opinion, sections 130, 132 and 133 of the Decedent Estate Law, when read together, authorize a recovery of the items in question when their payment would diminish the inheritance of the beneficiary under the testatrix's will. Inasmuch as section 133 of the Decedent Estate Law, entitled " Distribution of damages recovered," expressly provides for the payment of " the reasonable expenses of medical aid, nursing and attention incident to the injury causing death," it should follow that such items of expenses are recoverable as part of " the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought." (Dec. Est. Law, §§ 130, 132, 133; Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 145; Countryman v. Fonda, J. & G. R. R. Co., 166 id. 201; Austin v. Metropolitan Street R. Co., 108 App. Div. 249; 54 A. L. R. 1080; 17 C. J. 1339; Matter of Procopio, 149 Misc. 347.) Hagarty, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., dissents and votes to sustain defendant's exceptions and to reverse the judgment and grant a new trial on the ground that the amounts paid for hospital charges and for doctors' and nurses' fees are not pecuniary injuries resulting from the decedent's death, as provided in section 132 of the Decedent Estate Law. That part of section 133 of Decedent Estate Law which provides for deduction of the reasonable expenses of medical aid, etc., incident to the injury causing death,

deals with distribution of the amount recovered and is not a part of the measure of the amount that may be recovered.