ROOSEVELT HOSPITAL, Appellant, *v.* PAUL LOEWY, Respondent.

Supreme Court, Appellate Term, First Department, May 25, 1945.

*Emanuel Hayt* for appellant.

*Edward H. Kahn* for respondent.

OPINION *Per Curiam.* As the charge for medical and surgical services which the hospital seeks to collect was shown to be payable if collected to the staff physician who rendered same it may not be regarded as a charge of the hospital for which it has a lien. The evidence also showed that on becoming a member of the medical staff of the hospital the physician agreed to make no charge to the hospital and to render his services gratis excepting to his own patients brought by him to the hospital with whom he dealt directly in respect of his own compensation. An ambulance patient who is taken to the hospital as the result of an accident has no freedom of choice or of contract or terms in respect of a physician who attends him at such hospital. It would appear that the reasonable charges of such hospital for which under subdivision 1 of section 189 of the Lien Law a lien is provided for " a charitable institution maintaining a hospital " are such as are incurred by the hospital in operating and maintaining the hospital including any medical services such as those of resident physicians for which the hospital is under direct obligation to pay. The facts outlined distinguish this case from decisions involving either the Workmen's Compensation Law requiring employers to pay for medical services rendered to their injured workmen or public hospitals supported by public funds. The amounts collected by the latter are a part of the public funds used to maintain and support such public hospitals. In respect of the public hospitals of New York City, section 692-m of the Greater New York Charter

(L. 1901, ch. 466) (Local Laws, 1929, No. 2 of City of New York) authorized the department of hospitals to collect for care and maintenance of patients who are able to pay and under section 692-e thereof members of the medical staff of a hospital subject to the jurisdiction of the department of hospitals " shall serve without compensation " (see New York City Charter [1938], § 587, subd. b; § 585, subds. a, c). We find it unnecessary to consider or determine whether the Legislature might authorize staff physicians in charitable hospitals to charge reasonable compensation for services rendered to charitable patients who can afford to pay or to ambulance patients injured through the negligence of third persons and have a lien for such services We merely hold section 189 of the Lien Law as written does not provide a lien for such a physician and does not give the hospital a lien for a staff physician's services rendered gratis to the hospital or a right to make or collect a charge for the reasonable value of same for such physician. We are also of the opinion that the hospital's lien was not confined to " ward rates " mistakenly set forth in its bill to defendant but it was entitled to recover " cost rates " for treatment, care and maintenance.

The judgment should be modified by increasing plaintiff's recovery to $410.28, with costs, and as modified, affirmed, with $25 costs to appellant.

HAMMER, EDER and HECHT, JJ., concur.

Judgment accordingly.