In the Matter of DAVID MEYER, Respondent, against NEW YORK HOSPITAL, Appellant.

First Department, December 16, 1958.

*Emanuel Hayt* of counsel (*Hayt & Hayt,* attorneys), for appellant.

*Emanuel Thebner* of counsel (*Martin J. McLaughlin* with him on the brief; *Robinson, Thebner & McLaughlin,* attorneys), for respondent.

BERGAN, J. This appeal brings up for review the right of a charitable corporation maintaining a hospital to a lien for medical services furnished by it against the proceeds of the patient's action for personal injuries.

In this proceeding instituted in pursuance of section 189 of the Lien Law by the petitioner against the New York Hospital to determine "the validity and amount thereof of any alleged lien", the court at Special Term has summarily stricken out charges of $425 for medical services from the hospital's lien and directed the reduction accordingly of the lien as filed.

The theory of decision at Special Term seems to be based on its acceptance of the fact as though it had been proven, that the medical services rendered to the petitioner were by nonpaid members of the hospital staff for which the hospital would not

have a lien if the decision of the Appellate Term in *Roosevelt Hosp.* v. *Loewy* (185 Misc. 113) is to be followed.

Consideration of the substantive problems involved in the proceeding is enmeshed in procedural difficulties which must first be brought to some sort of resolution. The petition of the patient in seeking to determine the validity of the lien does not allege as a fact that the portion of the hospital's lien in which claim is made for medical services was based on attendance on him by nonpaid or voluntary members of the hospital's staff.

Indeed, there is no clear factual allegation whatever on this subject in the petition. The petition merely alleges this: "Attention is directed to the fact that no lien is created by Section 189 of the Lien Law for any medical services by a doctor or doctors." The petition then quotes a portion of the statutory text of section 189, and pleads that the language of the section has been "judicially construed not to embrace medical services of physicians * * * and such construction applies to staff physicians' services, rendered gratis to the hospital."

This elliptic pleading states no complete fact having relevancy to the proceeding; it is merely an argument of a point of law. The answer of the hospital in the proceeding, in the form of an affidavit by its attorney, on this point also fails to plead plainly a fact as a fact, and states tangentially that "At the trial the hospital will prove" that the services in issue "were performed exclusively by salaried members of the medical staff".

Even though this form of pleading be deemed inadequate as an answer, the factual inadequacies of the petition are such that they afforded no sure foundation for the Special Term's application of the rule announced in *Roosevelt Hosp.* v *Loewy* (*supra*); and if decision had to be made on the face of the pleadings exactly the way they now stand, the lien in full amount would be sustained.

To the loose procedures adopted at Special Term, new ones are imported on appeal. The hospital argues that there are issues of fact which should be determined by a jury in the Municipal Court. It is not made clear by the hospital what these factual issues will be. There seems to be no dispute about the reasonable value of the medical services as such; nor is it clearly demonstrated on appeal that there will be an actual issue of fact on what might be thought to be the core of the controversy, i.e., whether or not the services were rendered by salaried or nonsalaried members of the hospital medical staff.

It has been seen that this issue is not properly tendered within the frame of the petition; but besides this the petitioner argues on appeal that there is no factual issue. His brief states flatly that there is " no issue to be tried, as there is no disputed fact ", because the point in question as he sees it on appeal is whether such services, " rendered by staff physicians or otherwise, whether gratis or with charge therefor, are includable in the statutory lien." The statute itself gives the prescription for the necessity for trial. It is when there is " a bona fide dispute as to the charges " (Lien Law, § 189, subd. 6-a).

We resolve these procedural uncertainties by remission of the proceeding to the Special Term to determine the validity and extent of the lien. There the issues of fact, if there actually are any, between the parties on the value of the services or on the staff and salary status of the physicians who performed them, may be framed clearly and explicitly.

Remission is suggested in large part because the hospital argues on appeal that there is such an issue. Where the trial shall be held of such issues as may be seen on remission to exist, is left to the discretion of the Special Term. If there is a bona fide dispute there is an express right provided by the statute itself to a jury trial unless it be waived. The proceeding may be brought, as the petitioner has brought it, in the Supreme Court, but it may also be brought in any court which would have jurisdiction of an action based on contract for the amount set forth in the notice of lien (§ 189, subd. 6-a), which here was $1,238.47, and would be within the jurisdiction of the Municipal Court.

Petitioner argues that in any event there is no power to transfer the proceeding to the Municipal Court. The New York County Special Term has on several occasions either suggested or directed that proceedings of this character instituted in the Supreme Court be transferred to the City Court or the Municipal Court for trial where appropriate jurisdiction would exist.

It would seem that this special proceeding which is not an action at law but a newly created device of statute, might be transferable by mandatory direction which would not be available in a traditional action at law; but we deem it unnecessary now to pass on that question. It is clear, however, that the trial contemplated by statute is one to be undertaken promptly, i.e., by " immediate hearing ".

If when the Special Term re-examines the case it is seen that no actual issue of fact exists, and that petitioner rests, as he seems to rest on appeal, on a broadly based contention that

no medical services "whether rendered by staff physicians or otherwise, whether gratis or with charge therefor" are a proper subject of a hospital's lien, an order should be made determining and fixing the lien in the full amount as stated in the lien.

The validity of such a lien under the special, limited, and very carefully circumscribed circumstances prescribed by the statute arises from the explicit language of the Lien Law itself. The lien exists against the proceeds of personal injury claims of persons admitted on account of such injuries to the hospital within a week after the injury for which the claim is made.

The lien is allowed "for treatment, care and maintenance therein". This provision on its face means more than food, drugs, and nursing attention. The word "treatment" is a term which necessarily means medical and surgical attention. The measure of the value of all such items, to be included in the lien, is the "reasonable" charge at the "cost rates in such hospital". The term "cost rates" sweeps into the calculation of reasonable charges well-understood concepts of hospital fiscal procedures which apportion the over-all operational maintenance of a charitable, nonprofit hospital, fairly and equitably, to the services, treatment, care and maintenance afforded to each patient.

It is not a term which necessarily hangs on how much money the particular physician, biologist, pharmacist, nurse, physiotherapist or orderly may receive from the hospital allocated to the detailed service to that particular patient.

The right of a publicly maintained hospital to recover the value of medical and surgical services was upheld in *Matter of Kocko* v. *Harris Coal Co.* (262 N. Y. 535) and again in *Goldwater* v. *Fisch* (261 App. Div. 226); and the present provisions of the Lien Law place the charitable hospital and the public hospital in the same position in respect of the filing and enforcing of the statutory lien (§ 189, subd. 1).

If, on the other hand, there is a bona fide issue of fact arising when the case is reconsidered at Special Term on the reasonable charges "at cost rates in such hospital" the lien, as finally determined, will reflect the amounts resulting from the resolution of such an issue.

If the issue is merely what the hospital on appeal says it is, whether the services were rendered by paid members of its medical staff, and the fact is resolved favorably to the hospital, a direction will follow that the lien be sustained on its face. The limitations which the hospital itself has imposed on the presentation of the question in the proceeding both before the

Special Term and on appeal renders it unnecessary to decide now whether the lien would nevertheless be good for medical services or whether *Roosevelt Hosp.* v. *Loewy* (*supra*) would be followed if this factual issue is resolved against the hospital.

The order of the Special Term should be reversed on the law and the facts, with $20 costs, and the proceeding remitted to the Special Term for further proceedings in accordance with the opinion herein.

BOTEIN, P. J., VALENTE, McNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellant, and the proceeding remitted to the Special Term for further proceedings in accordance with the opinion filed herein.