In the Matter of the Accounting of CHARLES F. PAYNE, as Administrator of the Estate of ORVILLE PAYNE, Deceased, Respondent. PAUL A. LEHMANN, Appellant.— Appeal by a creditor, Paul A. Lehmann, from a resettled decree of the Surrogate's Court, Suffolk County, dated October 6, 1959, which *inter alia*: (a) judicially settled the account of the administrator; (b) approved the $4,156 settlement of the claim arising out of an accident which caused decedent's death; and (c) directed the distribution of the compromise sum, after the deduction of $856 administration and funeral expenses, to the decedent's brothers and sisters as his distributees. Resettled decree modified on the law and the facts by allocating $1,650 to the cause of action for wrongful death and by allocating $1,650 to the cause of action for pain and suffering. As so modified, the decree is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. On April 29, 1958 decedent, a 41-year-old bachelor, was struck by an automobile driven by one Wilson. Decedent sustained a fracture of the skull and other injuries, and died shortly thereafter without having regained consciousness. Decedent left him surviving six adult brothers and sisters. There is no proof that any of them suffered pecuniary injury by reason of his death. Decedent left no estate. He had a creditor for $2,420. Wilson's attorneys offered $4,156 in settlement of all claims arising out of the accident. The Surrogate approved this compromise, directed that $700 be paid for administration expenses and $156 for funeral expenses, and directed that the balance of $3,300 be allocated to the cause of action for wrongful death with distribution solely to the decedent's distributees, thus eliminating any payment to the creditor. The creditor appeals. The fact that the decedent's distributees were adults and not dependent on him for support is not determinative of the question whether they suffered pecuniary injury by reason of his death (*Gross* v. *Abraham,* 306 N. Y. 525; *Loetsch* v. *New York City Omnibus Corp.,* 291 N. Y. 308; *Lockwood* v. *New York, L.E. & W. R. R. Co.,* 98 N. Y. 523). Voluntary contributions by decedent to their support may form a sufficient basis for a showing of pecuniary injury (*Murphy* v. *Erie R. R. Co.,* 202 N. Y. 242; *Walther* v. *News Syndicate Co.,* 276 App. Div. 169; *Storrs* v. *Northern Pacific Ry. Co.,* 148 App. Div. 403; *Conklin* v. *Central N. Y. Tel. & Tel. Co.,* 130 App. Div. 308). However, where (as here) there is no proof of such pecuniary injury, the only damages recoverable for the wrongful death cause of action under the facts of this case are for funeral expenses (*Grasso* v. *State of New York,* 289 N. Y. 552; *De Luna* v. *Union Ry. Co.,* 130 App. Div. 386). As decedent died shortly after the accident without having regained consciousness, there is no cause of action for pain and suffering (*New Orleans & N. E. R. R. Co.* v. *Harris,* 247 U. S. 367; *Dermody* v. *Utley,* 328 Mass. 209; *Ratushny* v. *Punch,* 106 Conn. 329; *Stone* v. *Sinclair Refining Co.,* 229 Mich. 103; *Vanderlippe* v. *Midwest Studios,* 137 Neb. 289). Since the only permissible recovery under both causes of action would be for funeral expenses, it is inequitable to allocate to the wrongful death cause of action the entire $3,300 balance after administration and funeral expenses. Under the circumstances, we allocate half of this balance to each cause of action, with the result that the creditor will receive $1,650, and the distributees will receive the other $1,650. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur. Settle order on consent or on 10 days' written notice.