5. Samuel Di Falco, S.
The administrator d. h. n. seeks permission to compromise causes of action, the removal of restrictions on his letters, fixation of the compensation of his attorney, and the judicial settlement of his account. Objections to the account and to the requested relief have been filed by the Commissioner of Welfare of the City of New York and by Roosevelt Hospital.
The reasonable compensation of the attorney for the administrator is fixed and allowed in the sum of $2,525. The first objection of the hospital is overruled.
The court finds that the total amount of the proposed settlement is fair and reasonable, but that the administrator has improperly allocated the proceeds between the personal injuries action and the death action. The second objection of each objectant is sustained. In view of the very advanced age of the decedent, her lack of earning capacity, the lack of dependence upon her by her statutory distributees, the extent of her injuries and the damages resulting therefrom, the court holds that $5,000 should be allocated to the personal injuries action and $1,500 to *911 the death action. The attorney’s fee should be prorated against the two funds.
The hospital has a lien against the personal injuries action in the total amount of $1,612. The lien was perfected by filing of the requisite notice with the County Clerk. It is not disputed that notice has been given to the person who caused the injuries. The hospital charges for board, room, routine nursing care, drugs, tests and ordinary services are not disputed. The administrator challenges the charges for medical and surgical services. An officer of the hospital has duly certified that all of the services were necessarily rendered, that the amount stated is the fair and reasonable value thereof and that it does not exceed the comparable charges made in the case of workmen’s compensation patients. (Civ. Prac. Act, § 374-a; Lien Law, § 189, subd. 6-a.) All of the medical and surgical services were performed by salaried members of the hospital staff.. The Lien Law provides that the hospital lien covers ‘‘ medical care and treatment ’ ’ which has been held to include medical and surgical services at cost rates. (Matter of Meyer v. New York Hosp., 7 A D 2d 60; Goldwater v. Fisch, 261 App. Div. 226; Matter of Kocko v. Harris Coal Co., 262 N. Y. 535; Roosevelt Hosp. v. Begley, 92 N. Y. S. 2d 793; Roosevelt Hosp. v. Loewy, 185 Misc. 113.) “ The term ‘ cost rates ’ sweeps into the calculation of reasonable charges well-understood concepts of hospital fiscal procedures which apportion the over-all operational maintenance of a charitable, nonprofit hospital, fairly and equitably, to the services, treatment, care and maintenance afforded to each patient. It is not a term which necessarily hangs on how much money the particular physician, biologist, pharmacist, nurse, physiotherapist or orderly may receive from the hospital allocated to the detailed service to that particular patient.” (Matter of Meyer v. New York Hosp., supra, p. 64.) No other proof has been offered. The court, therefore, holds that the hospital is entitled to be paid from the proceeds of the action the sum of $1,612.
The reasonable funeral expenses are to be paid from the proceeds and are preferred over the other debts and claims. (Surrogates’ Ct. Act, § 216.) The term “ funeral expenses ” includes the cost of a grave. (§ 314, subd. 3.) The claim of the Department of Welfare has been established in the sum of $2,643. (Social Welfare Law, § 104; Administrative Code of City of New York, § 603-9.0; Matter of Luxton, 152 Misc. 5.)
Submit decree on notice granting the prayer for relief to the extent stated and settling the account accordingly.