IN THE MATTER OF JOHN S. PEACOCK, ADMINISTRATOR OF THE ESTATE OF
LESLIE WARREN, JR., DECEASED.

(Filed 6 May, 1964.)

**1. Abatement and Revival § 10;    Death § 3—**

Where a person fatally injured as a result of negligence lives for a while
after the injury, his personal representative has two causes of action, the
first an asset of the estate for damages for pain and suffering and hos-
pital and medical expenses consequent the wrongful injury, and the sec-
ond an action for wrongful death for the benefit of the next of kin to re-
cover for the pecuniary injuries resulting from death and also, under the
amendment to G.S. 28-173, for hospital and medical expenses not exceed-
ing $500.00, although such hospital and medical expenses should be sub-
mitted under the single issue in the first cause of action.

**2. Infants § 2—**

An infant is liable for necessaries, including medical services rendered
in an emergency to save his life, as an exception to the general rule that
an infant is not liable on contract.

**3. Death § 8; Executors and Administrators § 24a— Allocation of funds
received in single settlement for wrongful death and for suffering
prior to death.**

Under the facts of this case it *is held* that equity and justice require that
the settlement for the wrongful death of a minor be divided between the
cause of action for pain and suffering prior to death, against which are
chargeable one-half of the cost of administration, including one-half at-
torneys' fees, court costs, etc., and hospital and medical expenses, and the
cause of action for wrongful death, against which are chargeable one-half
the cost of administration, hospital and medical expenses not exceeding
$500.00, with the balance to be paid the deceased's mother unless it be de-
termined that she had abandoned him prior to his injury and death. G.S.
31A-2.

APPEAL by the administrator and certain claimants from *Cowper, J.,*
September-October Civil Session 1963 of WAYNE.

Leslie Warren, Jr., a 15 year old boy, was injured in an automobile
accident in Wayne County on 30 July 1961. He died 71 days later, on
9 October 1961, as a result of his injuries. Claims for hospital services
and medical aid rendered to the deceased during the aforesaid 71 day
period have been filed with his administrator as follows: Wayne Hos-
pital, $1,479.45; Duke University Hospital, $111.71; Scott B. Berkeley,
Jr., M.D., $526.00; Guy L. Odom, Jr., M.D., $125.00, a total of $2,-
242.16.

The only asset of his estate was the cause of action for personal in-
juries and medical expenses. In addition to this claim, his administra-
tor had the right to bring an action for wrongful death pursuant to the

provisions of G.S. 28-173. Without instituting any action, the administrator, on 23 August 1962, entered into a compromise settlement with the insurance carrier of Clarence Edward Newkirk, the driver of the automobile involved in the accident. The amount of the settlement was $4,150.00; a release was executed by the administrator, in pertinent part as follows: In consideration of the payment of $4,150.00, the receipt of which is hereby acknowledged, the administrator does "hereby release, acquit, and forever discharge Clarence Edward Newkirk, his, her, their, or its agents and servants, successors and assigns, heirs, executors and administrators, and all other persons, firms and corporations, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses and compensation * * * arising out of * * * the accident, casualty, or event, which occurred on or about the 30th day of July 1961, at or near Dudley Colored Elementary School, Wayne County, N. C."

After the payment of funeral expenses, fee of the administrator's attorney, and the premium on a fidelity bond, there remains in the hands of the administrator the sum of $2,605.50.

The decedent was an illegitimate child of Sylvia Brown, who, for many years prior to his injury and death, had been living in New York. She had ten illegitimate children by one Leslie Warren, to whom she has never been married.

On 12 September 1962, five of the nine surviving brothers and sisters of the decedent instituted an action against the administrator and the decedent's mother, seeking a declaration that the decedent's mother had abandoned him and asking recovery of the balance in the hands of the administrator.

The administrator brings this proceeding for advice and direction of the court as to the proper distribution of the remainder of this fund.

The trial judge found as a fact that all interested parties have been duly and properly served with notice of this proceeding, and that each one of them is now properly before the court including the administrator and claimants.

The Clerk of the Superior Court of Wayne County ordered the hospital and medical bills paid, subject to the payment of the administrator's fees and costs of administration. The decedent's mother appealed to the Superior Court of Wayne County on the ground that, under the provisions of G.S. 28-173, as amended by Chapter 1136 of the 1959 Session Laws of North Carolina, the administrator is not authorized to pay more than $500.00 for hospital and medical expenses out of funds recovered for wrongful death.

The court below held that the administrator does not have the right to pay out more than $500.00 for hospital and medical expenses inci-

dent to injury resulting in death, and entered an order directing the administrator herein to pay $500.00 for the hospital and medical expenses incident to the injury resulting in the death of Leslie Warren, Jr., to be opportioned among the claimants as hereinabove set out.

The claimants and the administrator appeal, assigning error.

*John S. Peacock, Admr. of Estate of Leslie Warren, Jr.*
*Scott B. Berkeley; Dees, Dees & Smith for respondent appellants.*
*Hugh Dortch, Henson P. Barnes for respondent appellees.*

DENNY, C.J. In this jurisdiction, where a person is injured by the negligence of another, lives for a period of time and thereafter dies as a result of the injuries, his personal representative may recover (1) as an asset of the estate, damages sustained by the injured person during his lifetime, including hospital and medical expenses, and (2) for the benefit of the next of kin, the pecuniary injury resulting from death, the amounts recoverable being determinable upon separate issues. *Hoke v. Greyhound Corp.,* 226 N.C. 332, 38 S.E. 2d 105; *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585. However, damages resulting from pain and suffering and for hospital and medical expenses consequent to wrongful injury, relate to the same cause of action and should be submitted upon a single issue of damages. *Hoke v. Greyhound Corp., supra.*

The administrator in his petition states that had he been forced to bring an action he would have sued to recover consequential damages proximately caused by the personal injuries sustained by Leslie Warren, Jr., and in proof thereof would have offered evidence that the hospital and medical services rendered were necessary in an effort to save the life of his intestate and were reasonably worth the amounts claimed.

Moreover, G.S. 44-49 in pertinent part provides: "* * * (T)here is hereby created a lien upon any sums recovered as damages for personal injury in any civil action in this State, the said lien in favor of any person or corporation to whom the person so recovering, or the person in whose behalf the recovery has been made, may be indebted for drugs, medical supplies, and medical services rendered by any physician, dentist, trained nurse, or hospitalization, or hospital attention and/or services rendered in connection with the injury in compensation for which the said damages have been recovered. Where damages are recovered for and in behalf of minors or persons *non compos mentis,* such liens shall attach to the sum recovered as fully and effectively as if the said person were *sui juris.*"

The foregoing statute further requires that claimant shall file claim with the clerk of the court in which said civil action is instituted within 30 days after the institution of such action. However, in the instant case, no action was ever instituted. Therefore, the claimants never had an opportunity to perfect a lien under the provisions of the statute.

There was no provision in our wrongful death statute, G.S. 28-173, for payment of hospital and medical expenses out of such recovery until the statute was amended by Chapter 1136 of the 1959 Session Laws of North Carolina. The statute, as amended, authorizes payment for such expenses not exceeding $500.00 out of such recovery. Therefore, in a case where an action has been brought for wrongful death and the jury has awarded an amount for such death, the limitation fixed in the statute for payment of hospital and medical expenses would control. However, the factual situation before us on this record is not such a case. We think there is more indication on this record that the compromise settlement included consequential damages, hospital and medical expenses, than there is that it was for wrongful death.

We concede that we have found no case in this jurisdiction dealing with the allocation of funds received in settlement of two existing causes of action by the payment of a single sum. Several cases from other jurisdictions have been found, primarily Surrogate Court cases from New York. The New York wrongful death statute, as amended, now provides for recovery of the medical expenses in a wrongful death action. Laws of New York, 1935, Chapter 224.

In *In re Bruno's Estate,* 36 Misc. 2d 909, 233 N.Y.S. 2d 913, there was a lien for $1,612.00 for medical expenses against the personal injuries recovery. The Court said: "The court finds that the total amount of the proposed settlement is fair and reasonable, but that the administrator has improperly allocated the proceeds between the personal injuries action and the death action. The second objection of each objectant is sustained. In view of the very advanced age of the decedent, her lack of earning capacity, *the lack of dependence upon her by her statutory distributees,* the extent of her injuries and the damages resulting therefrom, the court holds that $5,000 should be allocated to the personal injuries action and $1,500 to the death action. The attorney's fees should be prorated against the two funds." (Emphasis ours.)

In the case of *In re Payne's Estate,* 12 A.D. 2d 940, 210 N.Y.S. 2d 925, the decedent was a bachelor with six brothers and sisters as his statutory distributees. He died shortly after the accident, without having regained consciousness. The claims had been compromised for $4,-156. The Court held that only funeral expenses could have been recovered in the wrongful death action (the brothers and sisters being

nondependent and showing no pecuniary injury), and nothing at all in the personal injury action since the decedent was never conscious after the accident. As there was a creditor with a claim of $2,420, one half of the remaining fund was allocated to each cause of action. This was an Appellate Division case and leave to appeal to the Court of Appeals was denied. 215 N.Y.S. 2d 714.

In *In re Procopio's Estate*, 149 Misc. 347, 267 N.Y.S. 908, the case was decided before the amendment to section 132 of the Decedent Estate Law was passed, allowing medical expenses to be recovered in a wrongful death action. The decedent lived for five days after the fatal accident, and incurred medical expenses. The statutory distributees (all residents of Italy), objected to the allowance of these claims on the ground that section 133 did not authorize such payments. In rejecting this contention, the Court said: "* * * While it is true that the recovery is not subject to the payments of the debts of the deceased, and that the damages are exclusively for the benefit of the next of kin * * *, the application here of such rule would be both harsh and unjust.

"I do not think that the statute intended to penalize a physician who in emergency gives his services and talents in an effort to save life. If the decedent had survived, there is no question that he would be liable for his medical bills. To exclude the physician because the patient dies forces the conclusion that the statute contemplated either the instantaneous death of the victim, thus making unnecessary the services of a doctor, or intended to visit a penalty upon those who perform acts of mercy. * * * (A) distinction should be made between self-created debts and those incurred for medical expenses in one's last illness."

It will be noted that an infant is liable for medical services rendered in an emergency to save his life, even though his father may also be liable. *Bitting v. Goss*, 203 N.C. 424, 166 S.E. 302; *Cole v. Wagner*, 197 N.C. 692, 150 S.E. 339, 71 A.L.R. 220. To the well recognized rule that an infant is not liable on contract is the well recognized exception that he is liable for necessaries. Certainly, when a minor has no parent, as in the instant case, who is able to provide medical services necessary to be rendered in an effort to save his life, such services will be classed as necessaries. *Cole v. Wagner, supra;* 29 Am. Jur., Infants, section 20, page 762, *et seq.*

In light of the facts revealed on this record, in our opinion, the ends of justice and equity require that the recovery should be divided equally between the two causes of action involved in the settlement. That the fee of the administrator's attorney, the costs paid to the Clerk of the Superior Court of Wayne County, and the premium paid

for the administrator's bond, as well as other administrative costs, should be prorated equally between the two funds. That from the remainder of the wrongful death fund, the funeral expenses should be charged and $500.00 paid on the hospital and medical expenses, which would result as follows: From each fund of $2,075.00 there should be deducted one half of the attorney's fee, court costs, *et cetera,* to date, in the sum of $523.75, which would leave $1,551.25 in each fund. The funeral expenses in the sum of $497.00 and the $500.00 payable on the hospital and medical expenses, chargeable under G.S. 28-173 to the wrongful death fund, leaves a balance therein of $554.25. The balance of the estate portion of the recovery in the sum of $1,551.25, combined with the $500.00 from the wrongful death fund, will make available $2,051.25, less any further administrative costs, for the prorata payment of claims for hospital and medical expenses. The $554.25, less its prorata part of any additional administrative costs, will be paid to the mother of the deceased as provided in our Intestate's Succession Act, Chapter 29 of our General Statutes of North Carolina, unless it is determined that she abandoned the deceased prior to his injury and death in the manner set out in G.S. 31A-2.

. The decree of the court below is modified to the extent hereinbefore set out.

Modified and affirmed.