■ ULISES GONZALEZ, as Father and Natural Guardian of ULISES GONZALEZ, JR., an Infant, et al., Respondents, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent. LONG ISLAND COLLEGE HOSPITAL, Appellant.— In a negligence action to recover damages fo personal injuries incurred by the infant plaintiff, the Long Island College Hospital, claiming to be a lienor, appeals from an order of the Supreme Court, Kings County, dated October 27, 1966, which denied its motion with respect to a prior compromise order of said court, but resettled said order so as to direct payment of $1,025.46, out of the compromise money, to the hospital as full payment of its $1,375.46 bill to the infant plaintiff. The hospital was not a party to the application which resulted in the prior compromise order. Order reversed, on the law and the facts, with $10 costs and disbursements; motion granted to the extent that it is adjudged that the hospital is entitled to recover the undisputed $1,025.46 for the items in its bill with respect to the infant plaintiff other than the item "Medical Fee $350"; and motion otherwise remitted to the court below for the purpose of holding a hearing on the disputed issues of fact, as indicated herein, and determining, upon the proof adduced, the validity and allowable amount, if any, of said item "Medical Fee $350" and of appellant's asserted hospital lien for all said items in its bill, totaling $1,375.46. In our opinion, appellant's status as a charitable institution, entitled to assert a lien, as a corporation maintaining a hospital in this State, supported in whole or in part by charity (Lien Law, § 189), was not established in this record, although unsupported conclusions to such purport were offered and disputed. In view of the ostensible purpose of the statue (Lien Law, § 189, subd. 6-a) to provide for an adversary hearing in a contested matter as to the "validity" of an asserted hospital lien, the learned Special Term should have followed the statutory procedure and ordered a hearing for the resolution of this issue of status, instead of deciding the issue upon incomplete papers (*Livingston* v. *Zimmerman,* 5 A D 2d 812; *Matter of Meyer* v. *New York Hosp.,* 7 A D 2d 60, 63, app. dsmd. 5 N Y 2d 1021). The fact that none of appellant's corporate papers on file in the Kings County Clerk's office contains a statement that the institution was incorporated as "a charitable corporation", contrary to the view of the learned Justice below, did not negate the actuality that appellant is "a charitable institution" within the purport of the statute (Lien Law, § 189). It may be noted that there is no general charitable corporations statute in this State and that our statutes and case law, with respect to hospitals, contemplate that charitable pursuits herein may be pursued by an entity function-

ing, as is appellant, under the Membership Corporations Law (Membership Corporations Law, § 10, subd. 8; § 11, subds. 11, 12; *Van Campen* v. *Olean Gen. Hosp.*, 210 App. Div. 204, 207; cf. 1 Fletcher, Cyclopedia Corporations [rev. ed.], § 62, p. 298). It has been noted that "a corporation may be a mere lay civil corporation and yet engage in work of a charitable nature" (*Hamburger* v. *Cornell Univ.*, 204 App. Div. 664, 667, affd. 240 N. Y. 328). The attributes of a charitable corporation are not destroyed by receipt of income so long as facts show that its original eleemosynary pattern remains unchanged and its doors stay open to the "indefinite public" which it undertakes to serve, while its founders reap no personal gain or corporate stock interest, and its revenues are consumed in its works of charity (*Hamburger* v. *Cornell Univ., supra; Schloendorff* v. *New York Hosp.*, 211 N. Y. 125, 127; *Butterworth* v. *Keeler*, 219 N. Y. 446, 449; *People ex rel. Doctors Hosp.* v. *Sexton*, 267 App. Div. 736, affd. 295 N. Y. 553). In our view, if the material incompletely mentioned at Special Term and now somewhat elaborated in appellant's brief, together with an evidentiary showing of its charitable character, as required in the case law, had been completely established by appellant, it would have proven its status as a charitable institution. We hold further that *Shapira* v. *United Med. Serv.* (15 N Y 2d 200) did not overrule, as the learned Justice at Special Term held, the prior case law permitting a charitable hospital to assert a lien under section 189 of the Lien Law for medical services rendered by its staff, where the doctors have no personal relationship with the patient, and the doctors constitute part of the hospital overhead "which the hospital is under direct obligation to pay" (*Roosevelt Hosp.* v. *Loewy*, 185 Misc. 113, 114; *Matter of Meyer* v. *New York Hosp., supra*, p. 64 of 7 A D 2d). However, in the instant case, the papers raise issues of fact in connection therewith, which the hearing should likewise resolve, i.e., (a) the fair and reasonable value of the medical and dental services rendered to the infant; (b) whether such services were rendered by "salaried" physicians and dentists; (c) whether the appellant's claim for $350 duplicates Dr. Tyschenko's bill; and (d) whether the hospital's $350 claim is an "extra" charge already covered by its workmen's compensation cost rates for treatment, care and maintenance. In sum, the validity and extent of the appellant's hospital lien should be decided upon the proof adduced at the statutory hearing and should cover appellant's status as a charitable institution, the value of the "Medical" services claimed, and the staff and salary status of the doctors who rendered the services (*Matter of Meyer* v. *New York Hosp., supra*). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.