JONES v. McCASKILL

[99 N.C. App. 764 (1990)]

TERESA M. P. JONES AND LOUISE BLANCHARD JONES, CO-ADMINISTRATRIXES
OF THE ESTATE OF KIM BLANCHARD JONES, DECEASED v. FOSTER
McCASKILL, III

No. 8915SC1117

(Filed 7 August 1990)

**Death § 7 (NCI3d)— wrongful death—separate issues of compensatory and punitive damages**

    In a wrongful death action the trial court should submit to the jury separate issues for compensatory and punitive damages when the evidence supports submission of these issues.

**Am Jur 2d, Death §§ 526, 527.**

APPEAL by plaintiffs from judgment entered 20 July 1989 by *Judge F. Gordon Battle* in ORANGE County Superior Court. Heard in the Court of Appeals 11 April 1990.

*Spears, Barnes, Baker, Wainio, Brown & Whaley, by Alexander H. Barnes and Mark A. Scruggs, and H. Wood Vann, for plaintiff-appellants.*

*Reynolds, Bryant and Patterson, P.A., by Lee A. Patterson, II, for defendant-appellee.*

GREENE, Judge.

Plaintiffs appeal and assign error to the trial court's submission to the jury the issue of punitive damages as a separate issue in this wrongful death suit.

Plaintiffs are co-administratrixes of the estate of Kim Jones, who died on 16 August 1986. Record evidence shows that Jones was driving a motor vehicle which collided with defendant's motor vehicle. Jones died after suffering injuries in the collision.

Plaintiffs filed suit, alleging that defendant's "willful, wanton and gross" negligence caused Jones's wrongful death. Plaintiffs prayed recovery of compensatory and punitive damages as permitted by N.C.G.S. § 28A-18-2.

After admission of evidence during trial and before the issues were submitted to the jury, plaintiffs objected and excepted to

JONES v. McCASKILL

[99 N.C. App. 764 (1990)]

the trial court's submission of a punitive damages issue separate from the compensatory damages issue.

The court submitted, and the jury answered, these issues:

1. Was Kim Blanchard Jones killed by negligence on the part of the Defendant Foster McCaskill, III?

ANSWER: Yes.

2. What amount of damages are Teresa M. P. Jones and Louise Blanchard Jones, Co-Administratrixes of the Estate of Kim Blanchard Jones, deceased, entitled to recover by reason of the death of Kim Blanchard Jones?

ANSWER: $25,538.89.

3. What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiffs?

ANSWER: $75,000.00.

———————

The sole issue is whether the trial court erred in submitting a separate issue on punitive damages.

Plaintiffs contend that our wrongful death statute embodies the legislature's intent to require the court to submit only one damage issue to the jury. We disagree.

"Damages recoverable for death by wrongful act include . . . [s]uch punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence . . ." N.C.G.S. § 28A-18-2(b)(5) (1985).

In 1969, our legislature amended N.C.G.S. § 28A-18-2 to add punitive damages as an item of recoverable damage. *See Bowen v. Constructors Equip. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973) (discussing revision of the statute). Before and after this amendment, "[t]he approved practice is to submit *separately* [to the jury] the issues [of] compensatory damages and [of] punitive damages." *Hinson v. Dawson*, 244 N.C. 23, 26, 92 S.E.2d 393, 395 (1956) (citation omitted) (wrongful death action); *see also* North Carolina Pattern Jury Instruction 106.55 (1986) (listing a separate issue for punitive damages). " 'If the pleadings and evidence so warrant, an issue as to punitive damages should be submitted to

the jury.' " *Allred v. Graves*, 261 N.C. 31, 35, 134 S.E.2d 186, 190 (1964), citing *Hinson; Cole v. Duke Power Co.*, 81 N.C. App. 213, 344 S.E.2d 130, *review denied*, 318 N.C. 281, 347 S.E.2d 462 (1986) (a separate issue for punitive damages was properly submitted to the jury, based on evidence of gross negligence).

We determine that in a wrongful death action, the trial court should submit to the jury separate issues for compensatory and punitive damages when the evidence supports submission of these issues.

Punitive damages differ significantly from compensatory damages. Punitive damages require different proof and serve different purposes than compensatory damages. *See Mazza v. Huffaker*, 61 N.C. App. 170, 300 S.E.2d 833, *review denied*, 309 N.C. 192, 305 S.E.2d 734, *reconsid. denied*, 313 S.E.2d 160 (1984) (punitive damages serve the purposes of punishment and deterrence); *Burns v. Forsyth County Hosp. Auth., Inc.*, 81 N.C. App. 556, 344 S.E.2d 839 (1986) (punitive damages are available upon proof of the underlying tort *and* an element of aggravation); *cf. Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E.2d 843, *cert. denied*, 306 N.C. 744, 295 S.E.2d 480 (1982) (the purpose of wrongful death compensatory damages is to restore the beneficiaries to the position they would have occupied had there been no death).

Furthermore, there exist other sound reasons for separating punitive and compensatory damage issues. *See Bowen*, at 421, 196 S.E.2d at 807 (the issues of punitive damages, compensatory damages for decedent's care, treatment and hospitalization prior to death, and compensatory damages for decedent's pain and suffering prior to death should be separate issues to show "whether the recovery for these items would constitute general assets of the estate"); J. Stein, *Damages and Recovery, Personal Injury and Death Actions* § 120 (1972) (an insurer may not be liable for punitive damages, based on insurance contract language).

Plaintiffs rely on the *Bowen* decision as authority for their argument that "the language of the [wrongful death] statute evinces a legislative intent that all elements permitted be combined into one sum as damages 'for death by wrongful act,' " which we find unpersuasive in light of our Supreme Court's decision in favor of separating the issues. *See Bowen*.

The trial court properly submitted separate issues of punitive and compensatory damage to the jury.

No error.

Judges WELLS and EAGLES concur.