**Laura H. NEAL, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–485.

United States Court of Veterans Appeals.

Argued October 16, 1991.

Decided April 13, 1992.

Ronald L. Smith, Washington, D.C., for appellant.

Carolyn F. Washington, with whom Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Laura H. Neal, appeals a January 6, 1992, Board of Veterans' Appeals (BVA or Board) decision which offset a portion of her dependency and indemnity compensation (DIC) payments under 38 U.S.C. § 1151 (formerly § 351). Section 1151 calls for judgments, settlements, or compromises reached by an individual under the Federal Tort Claims Act (FTCA) to be offset against that individual's DIC payments. Appellant entered a settlement under the FTCA in her capacity as administratrix of her deceased husband's estate. When entering the settlement, however, appellant, as administratrix, acted both in her capacity as a representative of the estate and as a representative of the beneficiaries, among whom she was included. Accordingly, we hold that the Board did not err when it found that section 1151 mandates offsetting that portion of the settlement which appellant received in her capacity as an individual beneficiary.

The veteran, Charles Eugene Neal, Sr., died on December 5, 1984, at the Veterans' Administration (now the Department of Veterans Affairs) (VA) Medical Center in Salisbury, North Carolina. On December 14, 1984, appellant filed a claim for DIC. Subsequently, as administratrix of the veteran's estate, appellant filed a $1 million FTCA claim, alleging wrongful death and personal injuries as a result of treatment received by the veteran from the VA Medical Center. In November 1987, the parties signed a settlement agreement pursuant to 28 U.S.C. § 2677 (1988), whereby the United States agreed to pay the estate $199,-500, of which appellant received $71,329.59.

Subsequently, VA notified appellant that her DIC would be offset by the amount she received from the settlement, plus a share of the attorney's fees incurred by the es-

tate—a total of $97,249. Appellant requested a hearing and filed an affidavit from Charles E. Lyons, the Assistant United States Attorney who signed the settlement agreement on behalf of the United States. In his affidavit, Mr. Lyons asserted that the settlement was composed of compensation for loss of companionship for each of appellant's eight children (4.9969 percent each), loss of companionship for appellant (9.9938 percent), burial expenses (1.434 percent), and pain and suffering (48.-5966 percent).

In his decision, the hearing officer acknowledged appellant's argument that 48.-5966 percent of the overall settlement was compensation for the veteran's pain and suffering, but nevertheless decided that, because appellant was the individual who entered into the settlement, any moneys she received must be offset. The BVA affirmed, but declined to decide the exact amount of offset on the ground that the issue had not been addressed below.

On November 11, 1991, the Court remanded the case for the BVA to issue a supplemental decision determining how much, if any, of the settlement proceeds were to be offset against appellant's DIC. 2 Vet.App. 69. On January 6, 1992, the BVA issued its supplemental decision finding that the portion of the settlement which compensated appellant for her individual injury, that is, $19,937.63 for loss of companionship, was the only part of the settlement to be offset against her DIC. Save for the offset amount, which appellant still contests, the controversy no longer exists. We affirm the Board's supplemental decision.

### I.

Section 1151 of title 38, which grants service connection to veterans who suffer injury as the result of hospitalization, or medical or surgical treatment, provides in pertinent part:

> Where an *individual* is ... awarded a judgment against the United States in a civil action brought pursuant to section 1346(b) of title 28, United States Code, or ... enters into a settlement or compro-mise under section 2672 or 2677 of title 28, United States Code, by reason of a disability, aggravation, or death treated pursuant to this section as if it were service-connected, then no benefits shall be paid to such individual ... on account of such disability, aggravation, or death ... until the aggregate amount of benefits which would be paid but for this sentence equals the total amount included in such judgment, settlement, or compromise.

38 U.S.C. § 1151 (emphasis added).

Central to this dispute is the statute's use of the word "individual". Appellant maintains, as she has since the initiation of her appeal, that since she entered into the compromise agreement in her capacity as administratrix of her husband's estate, and not in her individual capacity, no offset is required or authorized by the above statute. The Secretary of Veterans Affairs (Secretary) argues that, as administratrix of the estate, appellant represented the estate, herself, and her children. Therefore, any moneys she received for her own loss, and not that of her husband or children, represents money received in her individual capacity and must be offset according to 38 U.S.C. § 1151. We agree with the Secretary.

Under the FTCA, an injured person may bring a cause of action against the United States for injuries caused by a negligent or wrongful act or omission of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b) (1988). Section 1346(b) requires that the liability of the Government be determined "in accordance with the law of the place where the act or omission occurred." *Id.* Accordingly, North Carolina law governed appellant's FTCA claim for personal injuries and wrongful death, and therefore controls the outcome of this case.

Our determination as to amount of offset hinges on whom appellant represented when she entered into a settlement with the government pursuant to the FTCA. If she represented herself solely, the entire amount recovered would necessarily be offset against her DIC payments. If, how-

ever, she represented the estate alone, off-set would not be necessary since the estate, not appellant, entered into the settlement.

Prior to 1969, North Carolina law provided that when a person was injured through another's negligence, lived for a period of time, and then died as a result of those injuries, the personal representative could recover (1) as an asset of the estate, damages sustained by the injured person during his lifetime, including hospital and medical expenses (survival action), and (2) for the benefit of the next of kin, the pecuniary injury resulting from death, the amounts recoverable being determinable upon separate issues (wrongful death action). *Hoke v. Atlantic Greyhound Corp.*, 226 N.C. 332, 38 S.E.2d 105 (1964); *In re Peacock*, 261 N.C. 749, 136 S.E.2d 91 (1964). These actions could be maintained separately or together. *See* N.C.Gen.Stat. §§ 28–172, 28–175 (1968). Only those funds which went to compensate for the pain and suffering of the decedent, however, became part of the estate; the other funds went directly to the beneficiaries. *Bowen v. Constructors Equip. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973).

In 1969, however, damages for a decedent's pain and suffering became recoverable under either a survival or a wrongful death action. Accordingly, it appears that today an administratrix in North Carolina represents both the estate and the beneficiaries in a wrongful death action. Although pertinent case law provides that the beneficiaries are the real parties in interest, the North Carolina Supreme Court has recognized that since the 1969 statute contains elements of a traditional survival action, as well as a wrongful death action, it would be wise in future cases to submit the wrongful death damages and survival action damages as separate issues so as to determine how much of the recovery belongs to the estate. *See Bowen*, 283 N.C. 395, 196 S.E.2d 789; *Jones v. McCaskill*, 99 N.C.App. 764, 394 S.E.2d 254 (1990).

Assistant U.S. Attorney Lyons wrote in his affidavit that the settlement agreement allocated approximately 5% compensation for loss of companionship for each of appellant's children, 10% for loss of companionship for appellant, 1.5% for burial expenses, and 48.6% for the veteran's pain and suffering. Therefore, the only portion of the settlement which went to compensate appellant as an "individual" was the 10% for loss of companionship. The balance of the settlement went directly to the veteran's children and into the assets of his estate. Accordingly, we hold that the BVA did not err when it concluded that section 1151 requires offsetting that part of the settlement attributable to appellant's individual suffering, or $19,937.63. The January 6, 1992, supplemental Board decision is AFFIRMED.