*26
 
 Daniel, Judge,
 

 after stating the case, as above, pro-ceeded : — The question, whether necessaries or not, is a mixed question of law and fact, and as such should be submitted by the judge to the jury, together with his directions upon the law; whether articles furnished to an infant are of the classes for which he is liable, is matter
 
 *27
 
 of law; whether they were actually necessary, and of reasonable price, is matter of fact for the
 
 Beeler
 
 v.
 
 Young,
 
 1 Bibb, 519.
 
 Stanton
 
 v.
 
 Wilson,
 
 3 Day, 37; Cro. Eliz. 587. What were the articles purchased, does not appear in this case; therefore we are to take it that the articles were in law and fact considered as necessaries. We gather from the case, that the sole objection taken to the charge was, that the judge did not direct the jury to find for the defendant (although the articles were necessaries,) inasmuch as his father was alive, and in reasonable circumstances, and lived but a short distance from the defendant. The law is, if an infant . . . . is living under the roof of his parent, who provides every thing which in his judgment appears to be proper, the infant cannot bind himself to a stranger, even for such articles as might, under other circumstances, be deemed necessaries.
 
 Cook
 
 v.
 
 Deaton,
 
 3 Car. & P. 114; (14 Eng. Com. Law Reps. 232.)
 
 Bainbridge
 
 v.
 
 Pickering,
 
 Black. Rep. 1325.
 
 Barrinsdale
 
 v.
 
 Greville,
 
 1 Selw. N. P. 127. But here the defendant did not live under the roof of his parent, but lived apart from him, labouring, and receiving the profits of his labour to his own use. He was
 
 pro tempore
 
 acting as his own man, by the assent of his father; and the articles received by him, being necessaries, should be paid for by him.
 
 Madox
 
 v.
 
 Miller,
 
 1 Mau. & Sel. 738; 10 Petersdorf’s Abr. 376. We think the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.