‘Ruffin-,
 
 G. J.
 

 The contracts of a lunatic are not all absolutely void; but it is held, that contracts, fairly made with .them tor necessaries, or things suitable to their condition or habits of life, are to be sustained. The leading case on the -subject, in England, is that of
 
 Baxter
 
 v
 
 Earl of Portsmouth;
 
 and in
 
 Tally
 
 v
 
 Tally, 2
 
 Dev. & Bat. Eq. 385, the same opinion was expressed by this Court,. There is, therefore, no absurdity in the case ofdunatics, more than in that of infants, in implying a request to one rendering necessary services, or supplying necessary articles, and implying, also, a promise to pay for them. Indeed’, with Whatever propriety the ancient maxim, that no one ought to be al
 
 *108
 
 lowed to stultify himself, is denied in modern law, its application jn a case of this lend see us to be entirely just. The urgency of the case demands instant help, and leaves no opportunity for a previous application to a Court, having the ordering of the estates, to fix an allowance; and, in s.ueh an instance as this, in which, as far as is seen, there was a recovery before a commission issued, there could bo no subsequent allowance, however assiduous and effective the attentions to the party might have been. Therefore, there is no middle ground between leaving an unhappy person, thus afflicted, destitute of those services and things indispensable to his proper restraint and recovery, or, however rich, dependent for them on gratuitous benevolence, on the one hand; or, on the other, of implying a promise to pay for them what they may, reasonably, be worth. It is as if a physician administered to a man, deprived of his senses by a dangerous blow, when the loss of life might result from delay. He would, certainly, be bound to make reasonable remuneration, though incapable, at the moment, of making an actual request. The reason extends to medical services to a madman, and to those of a nurse for him, or of a guard, to protect him from a propensity to destroy himself or his property. In the case before the Court,
 
 the
 
 plaintiff acted at the instance of the defendant’s medical adviser, and his nearest friend and relative, not insisting, however disagreeable the duty, on any stipulation for high wages, but content with a
 
 quantum meruit.
 
 His conduct was, therefore, as fair as it could be.
 

 Upon the other point, there is no doubt. What the plaintiff did, certainly, falls within the class of necessaries, as defined in the law. Judgment affirmed.
 

 Pes Curiam'. Judgment affirmed.