This is an action brought by plaintiffs against the defendants to recover the sum of $2,534.50 and interest from 13 March, 1928.
The plaintiffs are the owners of the "Wesley Long Hospital" in Greensboro, N.C. The defendant, Harris Mangum Wagner, is a minor about 12 years of age; his mother, the defendant, Mrs. Frances C. Wagner, was appointed guardian after the time her son received the attention hereinafter mentioned in the "Wesley Long Hospital."
Plaintiffs in their complaint allege: That about 27 August, 1926, Harris Mangum Wagner was seriously injured, and in order to save his life and usefulness that it became necessary that he receive hospital, medical and surgical attention, and he became an inmate of the said hospital and received such attention between said date above mentioned and 13 March, 1928, and the reasonable value of said attention was $2,534.50. An itemized statement showing what the amount was for is attached to the complaint. That at March Term, 1928, the said Harris Mangum Wagner recovered judgment in the Superior Court of Lee County in the sum of $4,500 as damages for the said injury for which the before-mentioned treatment was rendered. That said judgment has been paid to defendant guardian; that said hospital, medical and surgical treatment rendered by the plaintiffs was a material and substantial portion of the consideration for the rendition and payment of said judgment; that Frances C. Wagner is the duly qualified and acting guardian of Harris Mangum Wagner, and as such guardian has or is entitled to the $4,500 damages in payment of the judgment for the personal injury to the said Harris Mangum Wagner.
The defendants in their answer admit most of the material allegations of the complaint, but allege that when Harris Mangum Wagner was admitted to the hospital, he was living with his parents. That the son was treated at the hospital at the request of the company through whose negligence he was injured. Plea of infancy is set up, and, in regard to the bill rendered, says: "The defendant, Frances C. Wagner, . . . *Page 695 
does not consider the bills rendered in this case reasonable, but on the contrary they are exorbitant and excessive."
The court below found "at the time of the matters and things set out in the complaint (Harris Mangum Wagner) was then and now is living with his father, who was and now is supporting him." This was admitted by plaintiffs.
The defendant moved for judgment upon the pleadings and that the action be dismissed. The court below granted the motion, and the plaintiffs excepted, assigned error and appealed to the Supreme Court.
The defendants' motion was in the nature of a demurrer ore tenus on the ground that "The complaint does not state facts sufficient to constitute a cause of action." C. S., 511 (6). The complaint must be liberally construed "with a view to substantial justice between the parties." C. S., 535. Leev. Produce Co., post, 714.
"An objection that a complaint does not state a cause of action may be taken advantage of at any time. In such case the defendant may demur oretenus or the Supreme Court of its own motion may take notice of the insufficiency. Johnson v. Finch, 93 N.C. 205; Garrison v. Williams,150 N.C. 674; McDonald v. MacArthur, 154 N.C. 122." Lassiter v. Adams, 196 N.C. at p. 712.
We lay down certain principles of law and equity that are applicable to the facts set forth in the complaint and appear of record.
"As the general rule applicable to contracts is that the infant is not liable thereon, so the general rule in the law of torts is that he is liable." 14 R. C. L., part sec. 36, p. 259; Smith v. Kron, 96 N.C. 392;Morris Plan Co. v. Palmer, 185 N.C. 109; Hight v. Harris, 188 N.C. 328;Collins v. Norfleet-Baggs, ante, 659. To the general rule that an infant is not liable on contract is the well recognized exception that he is liable for necessaries. The serious question often arises, what are necessaries?
"Medical and dental services reasonably required by the infant are usually classed necessaries." 14 R. C. L., p. 256.
In Freeman v. Bridger, 49 N.C. at p. 2, Pearson, J., speaking to the subject: "Lord Coke says, Co. Lit., 172a, `It is agreed by all the books, that an infant may bind himself to pay for his necessary meat, drink, apparel, physic and such other necessaries.' These last words embrace boarding; for shelter is as necessary as food and clothing. They have also been extended so as to embrace schooling and nursing (as well as physic) *Page 696 
while sick. In regard to the quality of the clothes and the kind of food, etc., a restriction is added, that it must appear that the articles were suitable to the infant's degree and estate." Richardson v. Strong,35 N.C. 106; Hyman v. Cain, 48 N.C. 111; Jordan v. Coffield,70 N.C. 110; Turner v. Gaither, 83 N.C. 357; 14 R. C. L., p. 256; Elliott on Contracts, Vol. 1, sec. 297-298.
It is also said in the Freeman case, supra, at p. 4: "While an infant lives with a parent, he cannot bind himself even for necessaries, unless it be proved that the parent was unable or unwilling to furnish the child with such clothes, etc., as the parent considers necessary, `for no man shall take upon himself to dictate to a parent what clothing the child shall wear, at what time they shall be purchased, or of whom.' Bainbridge v.Pickering, 2 Blackstone's Rep., 1325. `Guardians for infants are presumed to furnish all necessaries, and a stranger, who furnishes board, or anything else, must, except under peculiar circumstances, take care to contract with the guardian.' S. v. Cook, 12 Ire. Rep., 67." See Thayer v.Thayer, 189 N.C. 502, 39 A.L.R., 428.
The next serious question is that ordinarily the father is liable for the necessaries of his infant child. In Smith v. Young, 19 N.C. at p. 27, it is said: "The law is, if an infant is living under the roof of his parent, who provides everything which in his judgment appears to be proper, the infant cannot bind himself to a stranger, even for such articles as might, under other circumstances, be deemed necessaries. . . .But here the defendant did not live under the roof of his parent, but lived apart from him, laboring and receiving the profits of his labor to his own use. He waspro tempore acting as his own man, by the assent of his father; and the articles received by him being necessaries, should be paid for by him." As to the liability of lunatics on contracts, see Wadford v. Gillette,193 N.C. 413; Bank v. Duke, 187 N.C. 386.
In 31 C. J., part sec. 174, at p. 1077, the law is stated: "As a rule the parent is liable for the support of his child, and the guardian for the support of his ward. Consequently, an infant who has a parent or guardian, or one who stands in loco parentis, who provides him with everything that appears to be necessary and proper, cannot bind himself to a stranger even for necessaries. Where the parent has the ability and is willing to support his minor child, board, lodging, etc., furnished to such infant by another without the parent's consent are not necessaries for which the infant is liable. But the mere fact that an infant has a father, mother, or guardian does not prevent his being bound to pay for what was actually necessary for him when furnished, if neither his parents nor guardian did anything toward his care or support."
The next serious question is when money is received that in equity and good conscience belongs to another. *Page 697 
In 41 C. J., p. 33, sec. 9, it is said: "The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong? All plaintiff need show is that defendant holds money which, in equity and good conscience, belongs to him, but if he fails to show such superior right, that is that defendant does hold money which belongs to plaintiff, he cannot recover." Sec. 14: "Where one person has received money as an indemnity in which another has the right to share, the latter may maintain an action for money had and received for his portion." Sec. 18: "Although it is held that to support an action for money had and received there must be some privity between the parties in relation to the money sought to be recovered, the preponderance of authority is to the effect that no further privity is required than that which results from one person's having another's money, which he has no right conscientiously to keep, as in such cases the law implies a promise that he will pay it over." Sec. 34: "It is immaterial how the money may have come into defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity, and good conscience, he is not entitled to hold it against the true owner."
2 Elliott on Contracts, p. 623-4, sec. 1375, in part, thus states the principle: "The action can be maintained only to recover either money or the equivalent of money. In order to maintain an action for money had and received it is necessary to establish that defendants have received money belonging to the plaintiff or to which he is in equity and good conscience entitled.
"The rule is quite elementary that, to enable a person to maintain an action for money had and received, it is necessary for him to establish that the persons sought to be charged have received money belonging to him or to which he is entitled. That is the fundamental fact upon which the right of action depends. Trust Co. v. Gleason, 77 N.Y. 400. The purpose of such action is not to recover damages, but to make the party disgorge; and the recovery must necessarily be limited by the party's enrichment from the alleged transaction." Elliott, supra, note p. 1375; Springfield FirstNat. Bank v. Gratton, 172 Ill. 625; Porter v. Roseman, 165 Ind. 255;Bahnsen v. Clemmons, 79 N.C. 556; Houser v. McGinnas, 108 N.C. 631.
The case of Richardson v. Strong, reported in the 35 N.C. 106, is an interesting one. The defendant became insane and so much so that he attempted to injure himself and destroy his property. His relatives and physician thought it necessary that he have a white man as a nurse and to guard him against violence. Plaintiff was requested by a member of the family to attend on him. He did so. The defendant recovered from his mental sickness and refused to pay plaintiff, who brought suit to *Page 698 
recover for his services. The defendant pleaded insanity, and that no promise could be implied. Ruffin, C. J., speaking for the Court, said: "There is, therefore, no absurdity in the case of lunatics, more than in that of infants, in implying a request to one rendering necessary services, or supplying necessary articles, and implying, also a promise to pay for them." The plaintiff was allowed to recover on a quantum meruit.
In the present action the complaint alleges that Harris Mangum Wagner was seriously injured, and in order to save his life and usefulness it became necessary that he receive hospital, medical and surgical attention and became an inmate in the "Wesley Long Hospital," and was treated there from 7 August, 1926, to 13 March, 1928. It appears that at the time he was seriously injured he was living with his father, who was and is now supporting him in the usual manner. From the facts alleged in the complaint, we do not think that the fact in regard to his father's usual support can absolve the infant from liability, under the facts and circumstances of this case. The infant was seriously injured, and by fair inference was immediately taken to the hospital and his life and usefulness was saved by hospital, medical and surgical attention. It was an emergency, and quick action had to be taken. During the period of treatment the father paid for no hospital, medical or surgical treatment for the infant. It seems that he was either unable, at least he did not provide for the infant. The circumstances were peculiar. The father did not provide this attention necessary to save his life and usefulness — the hospital did. The infant now has an estate, and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child's life and usefulness.
Again, it is alleged in the complaint that the defendant, Harris Mangum Wagner, for the serious injury, at March Term, 1928, recovered judgment for $4,500. That the hospital, medical and surgical treatment rendered by defendant was a material and substantial consideration of the judgment. The defendants contend that "This allegation is so indefinite, indirect and inconclusive as not to state a cause of action." The defendants could have asked for a bill of particulars, C. S., 534, or when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court, upon motion, may require the pleadings to be made definite and certain by amendment. C. S., 537.Elizabeth City Water Works v. Elizabeth City, 188 N.C. 278.
It is well settled in this jurisdiction that in an action for injuries, if the plaintiff "be entitled to recover at all, he is entitled to recover as damages one compensation — in a lump sum — for all injuries, past and prospective, in consequence of the defendant's wrongful and negligent *Page 699 
acts. These are understood to embrace indemnity for actual nursing andmedical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money," etc. Ledford v. Lumber Co., 183 N.C. at p. 616; Shipp v. Stage Line, 192 N.C. 475.
The money recovered by defendant guardian in the damage suit, which it is alleged was a material and substantial consideration of the judgment, was for necessary expenses of the defendant. To allow the defendant infant to recover upon this theory and then deny the plaintiff in the present action the right to recover on the same theory of necessary expenses, would be blowing hot and cold in the same breath.
In Chandler v. Jones, 172 N.C. 569, Allen, J., says: "The contract of an infant is voidable and not void, and it may be either ratified or disaffirmed upon attaining majority at the election of the infant. If money is paid to an infant upon a contract and it is consumed or wasted, the infant may recover the full amount due under the contract." Rawls v. Mayo,163 N.C. 177; Hogan v. Utter, 175 N.C. 332; Gaskins v. Allen, 137 N.C. 430;Baggett v. Jackson, 160 N.C. 31. See Faircloth v. Johnson, 189 N.C. at p. 431. The defense of infancy must be set up in the answer, and if not pleaded will be considered as waived. Hicks v. Beam, 112 N.C. 642.
In this case, plaintiff alleges in substance two causes of action — one on quantum meruit, and the other for the money had and received for his necessary expense. The amount of recovery is bottomed on quantummeruit or reasonable worth of services. In the answer it is alleged that the bills rendered are exorbitant and excessive. This is a question for the jury on the trial. The courts have always been careful to see that the rights of infants are protected. With the power of the lower court to set aside verdicts, we hardly think that the court below that will try this action, would allow an exorbitant and excessive verdict to stand if such a one was rendered by a jury. For the reasons given, the judgment below is
Reversed.