NORTH CAROLINA BAPTIST HOSPITALS, INC. v. MELANIE BETH FRANKLIN, BY HER GUARDIAN AD LITEM, C. THOMAS EDWARDS

No. 8925SC837

(Filed 16 July 1991)

**Infants § 2.1 (NCI3d) — hospital services — necessaries doctrine — contract with parents — child not liable**

Defendant child is not liable under the necessaries doctrine for hospital services furnished to her by plaintiff following an automobile accident where the services were furnished at the request of the child's parents who expressly contracted with plaintiff to pay for them, and plaintiff elected to obtain a judgment establishing the liability of the parents under an express contract. The inability of the parents to pay their debt to plaintiff hospital did not make the child liable for the debt under the necessaries doctrine so as to permit the hospital to enforce a lien against funds held by the clerk of court for the child.

Am Jur 2d, Infants §§ 58, 72.

Former Judge DUNCAN concurred in the result reached in this case prior to 30 November 1990.

APPEAL by defendant from judgment entered 22 March 1989 by *Judge C. Walter Allen* in BURKE County Superior Court. Heard in the Court of Appeals 14 February 1990.

By this action plaintiff seeks to recover of the minor defendant $16,652.12 for necessary health care services provided her and to enforce a lien against funds of hers held by the Clerk of Superior Court. In defense she asserts, *inter alia*, that her parents contracted for the services and before bringing its suit plaintiff obtained judgment against her parents for the debt that it now asserts that she owes. Following a trial by Judge C. Walter Allen, sitting without a jury, judgment was entered for plaintiff in the amount sued for. The pertinent facts follow:

On 19 March 1986 when she was nine years old defendant Melanie Beth Franklin, who lives in Burke County with her parents, was injured in an automobile accident there, as was her father with whom she was riding. After being treated for a day in a local hospital she was transferred to plaintiff's hospital in Winston-Salem where she remained until 10 April 1986. Upon being admitted to plaintiff hospital her mother, Cathie Franklin, signed papers accepting responsibility for the charges incurred; and when discharged from that admission Mrs. Franklin signed other papers to the same effect. On 11 January 1987 defendant child was readmitted to plaintiff hospital for follow-up care and at that time both parents signed an affidavit assuming responsibility for all the hospital's charges and agreeing to pay $20 per month thereon until they were paid. A financial statement that plaintiff had Mr. Franklin execute at that time shows that he was disabled and receiving monthly Social Security payments of $386, and that Mrs. Franklin was a textile mill employee earning $660 a month. Meanwhile defendant's father, Wayne Franklin, and defendant, by him as guardian *ad litem*, sued Darby Woody, the automobile driver who allegedly caused the accident. In their action defendant child sought damages for her injuries, including pain, suffering and future disability, and her father sought damages for his injuries and property damage and for her medical expenses and lost services. Since Woody had insurance limits of only $25,000 and was judgment-proof, the action was settled for that amount on 30 March 1987 by a consent judgment entered by Judge Gaines, who approved the settlement of the child's claim, ordered that she and Wayne Franklin recover $25,000 of defendant Woody, and directed that $5,000 of that amount, less attorney's fees, be distributed *pro rata* to the health care

providers that had filed lien notices in the case, and that the remaining $20,000, less an attorney's fee of $5,000, be delivered to the Clerk of Superior Court as trustee for the minor defendant. The distributions directed were made; plaintiff received $1,827.27, thereby leaving a balance owing of $16,652.12 for treating the minor child, and the Clerk of Court received $15,000, which it holds as trustee for the child. On the same day the consent judgment was entered Wayne Franklin voluntarily dismissed his action against Woody with prejudice. On 20 July 1987 plaintiff sued defendant's parents for the $16,652.12 balance owed on her bills, and in that action on 21 September 1987 a default judgment was entered by the Clerk which stated that the suit was "on an open account, on which the sum of $16,652.12 is due." On 17 March 1988 this action was filed against defendant child for the same debt.

In entering judgment in this case the trial court found and concluded, *inter alia*, that plaintiff's services were necessary for defendant's health; that defendant's parents had refused and were unable to pay plaintiff's charges; that the expenses of her treatment at plaintiff hospital were a substantial factor in settling her action against the tort feasor and obtaining her estate of $15,000; and that as a matter of law defendant child is liable to plaintiff for the balance owed.

*Turner, Enochs, Sparrow, Boone & Falk, P.A., by B. J. Pearce, for plaintiff appellee.*

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by Robert B. Byrd, Lawrence D. McMahon, Jr. and Sam J. Ervin, IV, for defendant appellant.*

PHILLIPS, Judge.

The dispositive issue in this case is whether under the circumstances established defendant child is liable under the necessaries doctrine for the hospital services furnished her by plaintiff. The following legal principles apply: The necessaries doctrine, under which infants, lunatics and others generally incapable of entering into enforceable contracts may be held liable for necessaries, one of which is medical and hospital care when ill or injured, has been a part of Anglo-American jurisprudence since before the time of Lord Coke. E. Coke, *First Part of the Institutes of the Laws of England* 172a (1836). Under the doctrine an infant who contracts for or obtains necessaries that are not being supplied by his parents

or guardian may not disavow the agreement and can be held liable for their fair value, 1 W. Blackstone, *Commentaries on the Laws of England* *466, *Smith v. Young*, 19 N.C. 26 (1836); and when an infant or lunatic receives necessaries at the request of others, but not upon their credit, the law will imply a promise by the recipient to pay their reasonable value under *quantum meruit.* *Richardson v. Strong*, 35 N.C. 106 (1851). But a child living with its parents cannot be held liable even for necessaries "unless it be proved that the parent was unable or unwilling to furnish the child with such clothes, &c., as the parent considers necessary." *Freeman v. Bridger*, 49 N.C. 1, 4 (1856). "[T]he mere fact that an infant has a father, mother, or guardian does not prevent his being bound to pay what was actually necessary for him when furnished, if neither his parents nor guardian did anything toward his care or support." *Cole v. Wagner*, 197 N.C. 692, 696, 150 S.E. 339, 340 (1929). The best view according to one authority is that the necessaries doctrine is *quasi* contractual in nature, since an infant's contract for necessaries, whether express or implied, is enforceable only to the extent that the amount charged is reasonable. 4 R. Lee, *North Carolina Family Law* Sec. 272 (4th ed. 1981). The general law appears to be that "to render the infant liable, the necessaries must have been furnished to him on his own credit and not on the credit of others." 43 C.J.S. *Infants* Sec. 180 (1978). *See also* 42 Am. Jur. 2d *Infants* Sec. 67 (1969). "It is a well established principle that an express contract precludes an implied contract with reference to the same matter." *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E.2d 905, 908 (1962) (citations omitted). "When there is a contract between two persons for the furnishing of services or goods to a third, the latter is not liable on an implied contract simply because he has received such services or goods." *Id.* at 714, 124 S.E.2d at 908 (citations omitted).

Since the record clearly shows that plaintiff's admittedly necessary services for the child were not furnished upon her credit or at her request, but were furnished at the request of the parents, who agreed to pay for them, the judgment holding the defendant child liable has no basis under the foregoing authorities and must be vacated. While the court found, *inter alia*, that plaintiff did not rely upon the credit of the parents in accepting the child as a patient or in rendering the services, the findings are unsupported by competent evidence and are refuted by uncontradicted evidence

that plaintiff is estopped to attack, including the three express contracts it entered into with the parents, the judgment obtained against them, and the testimony of its liability counsellor that the hospital did not rely upon the child for anything, but relied on "the parents to go and apply for Medicaid to cover the expenses." That the parents did not do as the hospital expected (whether because they were ineligible for Medicaid or were misinformed by a Medicaid employee is not clear) did not alter the basis upon which the charges were incurred; and that plaintiff understood this is established by its failure to assert a claim against the child until after it had sued and obtained a judgment against the parents.

The express contracts plaintiff had with the parents and the judgment plaintiff obtained upon them were dispositive of the child's liability under the necessaries doctrine, the only theory sued upon, and defendants' request to so find and conclude should have been granted. Since the charges were incurred upon the parents' credit, the child was not liable for the debt under the necessaries doctrine, 43 C.J.S. *Infants, supra*; plaintiff having expressly contracted with the parents for payment, a contract between the hospital and the child for payment cannot be implied, *Vetco Concrete Co. v. Troy Lumber Co., supra*; and plaintiff having *elected* to obtain a judgment establishing the parents' liability for the debt under an express contract, it cannot recover the same debt from the child upon *quasi* contract grounds. *Irvin v. Harris*, 182 N.C. 647, 109 S.E. 867 (1921).

Plaintiff relies, as did the court, upon the statement in *Cole v. Wagner*, 197 N.C. 692, 150 S.E. 339 (1929), as to a child being liable for necessaries when the parents do nothing to obtain them, but the parents here, unlike those in *Cole*, did do something. They did everything that any parent could possibly do for its child in regard to the necessaries except pay for them after the debt was incurred. They were living with, caring for and supporting the child; they arranged for the child to obtain the necessary hospital care both in Morganton and Winston-Salem; they assumed responsibility for the charges and contracted to make small monthly payments on them; and they submitted to the entry of a default judgment against them. Sifted down, the question really is did the inability of the parents to pay their debt to the hospital make the child liable for it under the necessaries doctrine? No authority of which we are aware holds that it did; and we hold that it did not. To hold otherwise, as the court in effect did, would make

## N.C. BAPTIST HOSPITALS v. FRANKLIN

[103 N.C. App. 446 (1991)]

children the guarantors of their parents' debts for clothes, lodging, schooling, medical care and other necessaries. Heretofore the necessaries doctrine has not had that scope, and guaranties have not been established in that manner.

Since the child's liability under the necessaries doctrine has not been established, the trial court's findings and conclusions that the expenses of her treatment at plaintiff hospital were a substantial factor in obtaining the $15,000 that the Clerk of Court holds for her have no bearing on the necessaries issue, but they are erroneous in any event. In effect, the court found and concluded that when the recovery was obtained defendant's father was no longer in the case, the judgment was entered only for the minor defendant, and that a major factor in her recovery was the expense of her care at plaintiff hospital. But the record shows without contradiction that: The father was still in the case, and his dismissal was not filed until after the consent judgment was filed; the child did not sue to recover medical expenses and the judgment does not indicate that any medical expenses were awarded to her; Wayne Franklin sued to recover the child's hospital and medical expenses; the judgment was that Melanie Franklin and her father, Wayne Franklin, "recover $25,000 of defendant," and that $5,000 of that amount, less attorneys' fees, be allocated to him for her medical expenses, and $20,000, less attorneys' fees, be allocated to her. And while her doctor did not expect defendant to have any permanent disability, her injuries were not inconsequential and certainly were worth the $20,000 received; *inter alia* she had a fractured spine which required two extensive surgeries, one to insert an internal fixation device in the spine, and the other to remove it. In entering the judgment the judge, of course, knew that the child was not entitled to recover medical expenses, and since the judgment is presumed to be lawful and the record shows that it was, it can only be construed as a recovery by the child of $20,000 in settlement for her injuries and a recovery by Wayne Franklin of $5,000 in settlement of his suit for her medical and hospital expenses.

Reversed.

Chief Judge HEDRICK and Judge DUNCAN concur.

Former Judge DUNCAN concurred in the result reached in this case prior to 30 November 1990.