THE NORTH CAROLINA BAPTIST HOSPITALS, INC., PLAINTIFF V.
JAMES W. CROWSON, DEFENDANT

No. COA01-1542

(Filed 7 January 2003)

**Liens— medical services—personal injury recovery—pro rata disbursement not required**

The trial court did not err by granting summary judgment in favor of defendant attorney in an action alleging that defendant violated N.C.G.S. §§ 44-49 and 44-50 by failing to disburse to plaintiff hospital certain funds being held by defendant in his capacity as an attorney recovered from the settlement of a personal injury lawsuit and by disbursing the settlement funds in favor of two other lien holders even though plaintiff provided defendant with written notice of a lien on any funds that defendant's client received in the personal injury action in order to cover the value of those medical services provided to defendant's client as a result of the accident, because (1) N.C.G.S. §§ 44-49 and 44-50 do not require a pro rata disbursement of funds when there are multiple lien holders and insufficient funds to fully compensate such lien holders; and (2) it is within the province of the legislature, and not the Court of Appeals, to place any new or additional restrictions on the distribution of funds to medical service provider lien holders.

Judge CAMPBELL dissenting.

Appeal by plaintiff from order entered 4 September 2001 by Judge Chester Davis in Forsyth County District Court. Heard in the Court of Appeals 12 September 2002.

*Turner Enochs & Lloyd, P.A., by Melanie M. Hamilton, Laurie S. Truesdell, and Wendell H. Ott, for plaintiff appellant.*

*Crowson & Nagle, L.L.P., by James W. Crowson, for defendant appellee.*

TIMMONS-GOODSON, Judge.

North Carolina Baptist Hospitals, Incorporated ("plaintiff") appeals from an order of the trial court granting summary judgment in favor of James W. Crowson ("defendant"). For the reasons stated herein, we affirm the order of the trial court.

The pertinent facts of this appeal are as follows: On 21 July 2000, plaintiff filed a complaint in Forsyth County District Court alleging that defendant had violated sections 44-49 and 44-50 of the North Carolina General Statutes by failing to disburse to plaintiff certain funds being held by defendant in his capacity as an attorney. Defendant timely filed an answer denying such allegations, and both parties moved for summary judgment.

The matter came before the trial court on 3 September 2001, at which time plaintiff presented evidence tending to show the following: In September of 1997, plaintiff provided medical services to Christopher Reid ("Reid"), who had been injured in an automobile accident. The total cost of plaintiff's medical services to Reid was $38,234.85. Reid later retained defendant to represent him in a personal injury suit to recover damages for the injuries he incurred as a result of the automobile accident. In November of 1997, plaintiff provided defendant with written notice of a lien pursuant to section 44-49 of the North Carolina General Statutes upon "any sums recovered as damages for personal injury in any civil action." N.C. Gen. Stat. § 44-49(a) (2001). The lien covered the value of those medical services provided to Reid as a result of the accident.

On 15 February 1999, defendant informed plaintiff that, although Reid had reached a settlement of his personal injury suit, the funds were insufficient to compensate plaintiff. This was due to the fact that, in addition to the monies owed to plaintiff, Reid owed money to two other creditors with valid medical service provider liens, namely Wake Forest University Physicians and the Forsyth County Ambulance Service. Upon receipt of the settlement proceeds, defendant paid the Forsyth County Ambulance Service its balance in full and paid Wake Forest University Physicians its balance almost in its

entirety. Upon payment of these debts, no other monies remained to compensate plaintiff. Plaintiff thereafter filed an action against Reid and obtained a default judgment against him in October of 1999.

Upon considering the evidence and arguments by counsel, the trial court determined that there were no genuine issues of material fact and that defendant was entitled to summary judgment as a matter of law. The trial court therefore entered an order granting summary judgment to defendant. From this order, plaintiff appeals.

---

The dispositive issue on appeal is whether sections 44-49 and 44-50 of the North Carolina General Statutes prohibit an attorney from disbursing funds recovered from the settlement of a personal injury lawsuit in a non-proportional manner where there are multiple medical service providers holding equally valid liens upon such settlement funds and insufficient funds to compensate all lien holders. Because we conclude that sections 44-49 and 44-50 do not require a *pro rata* disbursement of funds, we affirm the order of the trial court granting summary judgment in favor of defendant.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *affirmed per curiam*, 353 N.C. 445, 545 S.E.2d 210 (2001). In the instant case, the essential facts are uncontroverted. We therefore examine the applicable law to determine whether or not either party was entitled to summary judgment.

Section 44-49 of the North Carolina General Statutes creates a lien

> upon any sums recovered as damages for personal injury in any civil action in this State. This lien is in favor of any person, corporation, State entity, municipal corporation or county to whom the person so recovering . . . may be indebted for any drugs, medical supplies, ambulance services, services rendered by any . . . hospital, or hospital attention or services rendered in connection with the injury in compensation for which the damages have been recovered.

N.C. Gen. Stat. § 44-49(a). At the time of the institution of this suit, section 44-50 of the General Statutes provided, in pertinent part, that:

**N.C. BAPTIST HOSPS., INC. v. CROWSON**

[155 N.C. App. 746 (2003)]

Such a lien as provided for in G.S. 44-49 shall also attach upon all funds paid to any person in compensation for or settlement of the said injuries, whether in litigation or otherwise; and it shall be the duty of any person receiving the same before disbursement thereof to retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims for such drugs, medical supplies, ambulance service and medical attention and/or hospital service, after having received and accepted notice thereof . . . [p]rovided . . . that the lien hereinbefore provided for shall in no case, exclusive of attorneys' fees, exceed fifty percent (50%) of the amount of damages recovered.

N.C. Gen. Stat. § 44-50 (1999). As this was the statute in effect at the time that the disputed events occurred, this is the controlling version of the statute in this case.[1]

Although section 44-50 provides that it is "the duty of any person receiving [settlement funds] before disbursement thereof to retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims" of valid lien holders, neither section 44-49 nor section 44-50 provide any directive as to the manner of dispensation of such funds where there are multiple lien holders and insufficient funds to fully compensate such lien holders.

In the instant case, fifty percent of the client's settlement proceeds, less attorneys' fees and expenses, were delivered to Reid and are not in dispute. The disputed funds comprise the remaining fifty percent of Reid's settlement proceeds. There is no question that plaintiff held a valid lien interest on the settlement proceeds, along with two other medical service providers. Plaintiff argues that defendant violated section 44-50 when he disbursed the settlement funds in favor of the two other lien holders, rather than in a *pro rata* fashion. We disagree.

Plaintiff concedes that sections 44-49 and 44-50 are completely silent on the issue of distribution of funds among valid medical service provider lien holders. Because sections 44-49 and 44-50 "provide rather extraordinary remedies in derogation of the common law . . .

---

1. Section 44-50 has since been amended, effective October 1, 2001, to provide that "a client's instructions for the disbursement of settlement or judgment proceeds are not binding on the disbursing attorney to the extent that the instructions conflict with the requirements of this Article." N.C. Gen. Stat. § 44-50 (2001).

they must be strictly construed." *Ellington v. Bradford*, 242 N.C. 159, 162, 86 S.E.2d 925, 927 (1955). Strict construction of statutes requires that "their application be limited to their express terms, as those terms are naturally and ordinarily defined." *Turlington v. McLeod*, 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988). Thus, " 'everything [should] be excluded from [the statute's] operation which does not clearly come within the scope of the language used.' " *In re Appeal of Worley*, 93 N.C. App. 191, 195, 377 S.E.2d 270, 273 (1989) (quoting *Harrison v. Guilford County*, 218 N.C. 718, 722, 12 S.E.2d 269, 272 (1940)) (alteration in original). Further, " 'where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and *limitations* not contained therein.' " *Hlasnick v. Federated Mut. Ins. Co.*, 353 N.C. 240, 244, 539 S.E.2d 274, 277 (2000) (quoting *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974)) (alteration in original).

In the instant case, sections 44-49 and 44-50 place no restrictions on the method of distribution among valid lien holders. As such, we are unable to conclude that defendant violated either of these sections by distributing all of the funds to one lien holder rather than distributing the funds on a *pro rata* basis. Put simply, it is within the province of the legislature, and not this Court, to place any new or additional restrictions on the distribution of funds to medical service provider lien holders not mandated by sections 44-49 and 44-50. *See id.*

Because sections 44-49 and 44-50 did not require defendant to distribute the funds at issue in a *pro rata* manner, the trial court properly concluded that defendant was not liable to plaintiff for the monies owed. We hold that the trial court did not err in granting summary judgment in favor of defendant. The order of the trial court is hereby affirmed.

Affirmed.

Judge Hudson concurs.

Judge Campbell dissented from the majority opinion prior to 31 December 2002.

**N.C. BAPTIST HOSPS., INC. v. CROWSON**

[155 N.C. App. 746 (2003)]

CAMPBELL, Judge, dissenting.

Since I disagree with the majority's conclusion that defendant was not obligated to distribute the settlement funds *pro rata* to the medical provider lien holders, I respectfully dissent.

Defendant's client, Reid, owed money to three creditors with valid medical provider liens: North Carolina Baptist Hospitals, Inc., Wake Forest University Physicians and the Forsyth County Ambulance Service. Upon receipt of the settlement proceeds, defendant at the direction of his client, paid the Forsyth County Ambulance Service its balance in full, paid Wake Forest University Physicians the majority of its balance and paid no money to plaintiff. The majority concludes that since the legislature did not delineate how the attorney must disburse the funds in N.C. Gen. Stat. § 44-50, defendant's decision to follow his client's directive and not preserve any of the settlement funds for plaintiff, violated no duty. Plaintiff asserts that in dispersing the funds without retaining "a sufficient amount to pay the just and bona fide claims" of the lien holders, as required by N.C. Gen. Stat. § 44-50, defendant breached his duty to plaintiff. I agree.

First, defendant asserts he was correct in following his client's request for disbursement because, in so doing, he complied with the North Carolina Revised Rules of Professional Conduct ("Revised Rules")[2] by following his client's directives. Rule 1.15-2(m)[3] requires a lawyer to "promptly pay or deliver to the client, or to third persons as directed by the client, any entrusted property belonging to the client and to which the client is currently entitled." N.C. Admin. Code tit. 27, Chapter 2, Rule 1.15-2(m) (2002). However, this rule is not applicable because these are not funds "to which the client is cur-

---

2. Ethics codes for North Carolina lawyers are promulgated by the North Carolina State Bar, certified to the Chief Justice of the North Carolina Supreme Court, and entered upon the minutes of the Court. *See* N.C. Gen. Stat. § 84-23 and 84-21. The North Carolina Code of Professional Responsibility (1973) governed until 1985, when the North Carolina Rules of Professional Conduct (1985) took effect. The North Carolina Revised Rules of Professional Conduct (1997) have been in effect since July 24, 1997 and are the most current rules governing ethics of North Carolina attorneys. Since the events leading up to the case *sub judice* began in September 1997 and the dispute between plaintiff and defendant arose in 1998, the Revised Rules of Professional Conduct govern the issues herein. Although the rules have been reviewed and revised, the general policies of the North Carolina State Bar regarding the ethical obligations of North Carolina lawyers in this area have remained consistent.

3. Plaintiff-appellant cites Rule 1.15-2(h) in its brief. Rule 1.15-2(m), from the Annotated Rules of North Carolina 2002 edition, is cited herein. By amendment of May 4, 2000, the subsection designation changed from 1.15(h) to 1.15-2(m), but the provisions of the subsection remain the same.

rently entitled." *Id.* North Carolina General Statutes §§ 44-49 and -50 create a lien in fifty percent of the client's settlement proceeds. This lien attaches immediately upon settlement of the client's claim. *Charlotte-Mecklenburg Hospital Auth. v. First of GA. Ins. Co.*, 340 N.C. 88, 90-91, 455 S.E.2d 655, 656-57 (1995). Thus, as to admittedly valid medical provider liens (as in the case here), the client cannot sustain an assertion of being "currently entitled" to the funds. Rather than this fifty percent of the settlement being disbursed pursuant to client directives, the funds were entrusted to the attorney, who was under a duty to the lien holders. *See* N.C. Gen. Stat. § 44-50 (2000).[4] North Carolina State Bar Ethics Opinions, RPCs 69 and 125[5], would have provided ethical guidance for defendant if he could not determine from the statute that, as to this part of the settlement proceeds, his duty was to the lien holders and not his client. RPC 69 (1989) and RPC 125 (1992) both state that while an attorney is generally required to obey a client's instructions regarding payment of medical providers from settlement proceeds, this general rule does not apply if the funds are subject to a valid lien. 2002 North Carolina State Bar Lawyer's Handbook, RPC 69 (1989). Defendant, therefore, should not have disbursed the funds "as directed by the client" pursuant to Rule 1.15-2(m).

Once it is established that the funds subject to valid medical provider liens are not subject to the client's directives, the question remains: what are an attorney's obligations under N.C. Gen. Stat. § 44-50 when the fifty percent of the settlement proceeds subject to

4. Although a "duty" may still exist, the revised statute no longer includes this specific word, but reads as follows: "Before their disbursement, any person that receives those funds shall retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims . . . after having received notice of those claims. . . ." N.C. Gen. Stat. § 44-50 (2001).

5. RPCs are formal ethics opinions of the North Carolina State Bar adopted under the superseded 1985 North Carolina Rules of Professional Conduct. While not precedential authority for this Court, formal ethics opinions, as defined in the Procedures for Ruling on Questions of Legal Ethics of the North Carolina State Bar, "provide ethical guidance for attorneys and to establish a principle of ethical conduct." N.C. Admin. Code tit. 27, Chapter 1D, Rule .0101(10) (2001). Several RPCs address the issue of whether an attorney is ethically obligated to follow his client's instructions as to disbursement of settlement proceeds. Under the North Carolina Revised Rules of Professional Conduct, ethics opinions are called "Formal Ethics Opinions." The North Carolina State Bar has remained consistent in its opinions regarding an attorney's obligation with respect to disbursement of a client's settlement proceeds to lien holders. For example, Formal Ethics Opinion 2001-11 addresses the issue of disbursement of settlement proceeds and is consistent with the State Bar's analysis in the RPCs that address this issue.

valid medical provider liens is insufficient to satisfy the liens? North Carolina General Statute § 44-50 (2000), which was the statute in effect when defendant disbursed the funds, states:

> [I]t shall be the *duty* of any person receiving the same before disbursement thereof to retain out of any recovery or any compensation so received a sufficient amount to pay the just and bona fide claims for such drugs, medical supplies, ambulance service and medical attention and/or hospital service, after having received and accepted notice thereof[.]

N.C. Gen. Stat. § 44-50 (2000) (emphasis added). This section does not state how the holder of the disbursement should distribute the funds, and therefore the majority concludes that any distribution is permitted. I disagree. Even though the formula is not prescribed in the statute, the statutory duty is owed equally to every valid lien holder. I do not believe an attorney can equitably fulfill this duty to each lien holder unless he distributes the funds *pro rata*. Case law on the issue of disbursement of insufficient funds subject to numerous liens amply supports the conclusion that *pro rata* distribution would be the only equitable approach to satisfy the creditors. In numerous cases involving medical provider liens, although not the holding in the case, it is clear that *pro rata* distribution of insufficient settlement proceeds has been consistently approved. *See North Carolina Baptist Hospitals, Inc. v. Mitchell*, 323 N.C. 528, 374 S.E.2d 844 (1988); *see also North Carolina Baptist Hospitals, Inc. v. Franklin*, 103 N.C. App. 446, 405 S.E.2d 814 (1991); *In re: Peacock*, 261 N.C. 749, 136 S.E.2d 91 (1964). Furthermore, I found no lien statute, besides those which specifically provide for payment of liens on a priority basis, in which distribution is not done on a *pro rata* basis. For example, *see* N.C. Gen. Stat. §§ 1-440.33(f) (2001) and 44A-21 (2001). Therefore, I would hold that for an attorney to effectuate his duty to medical lien holders, when the funds received in a personal injury settlement or judgment are insufficient to satisfy all valid liens, the attorney may not follow his client's instructions, but must distribute the funds *pro rata* to the undisputedly valid medical lien holders. Whenever an attorney has a question as to distribution of funds held for the benefit of others, he may simply continue to hold the funds pending prompt resolution of the matter or file an interpleader action with the court pursuant to N.C. Gen. Stat. § 1A-1, Rule 22(b) (2001). Contrary to the majority, I would hold that defendant made the distribution at his own peril and must now reimburse plaintiff for its *pro rata* share.